NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
PHILLIP N. SMITH, JR.
Assistant United States Attorney
Nevada State Bar Number 10233
501 Las Vegas Boulevard South
Suite 1100
Las Vegas, Nevada 89101
702-388-6503
phillip.smith@usdoj.gov

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **2:18-CR-055-APG-GWF** |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S RESPONSE TO** |
| | ) | **DEFENDANT'S MOTION** |
| v. | ) | **FOR ADJUSTMENT OF TIME CREDIT** |
| | ) | |
| CEMONE CHAMPAGNE LEWIS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The United States of America, by and through NICHOLAS A. TRUTANICH, United States Attorney, and Phillip N. Smith, Jr., Assistant United States Attorney, hereby files a Motion to Dismiss the Defendant's "Motion for Adjustment of Time Credit Pursuant to 18 U.S.C. § 3585" ("Defendant's Motion"). For the reasons set forth below, this Court should dismiss the Defendant's Motion, or deny it as not ripe.

## ARGUMENT

On March 1, 2019, this Court imposed a sentence of 21 months in custody after the Defendant pleaded guilty to one count of felon in possession of a firearm. This Court ordered the federal sentence to run consecutive to the Defendant's anticipated state court sentence in *State of Nevada vs. Cemone Lewis*, case number C-18-336516. Dkt. #65. On March 20, 2019, the Defendant was sentenced to 18 to 60 months in state prison for the state case, after pleading

-1-

guilty to attempted burglary in an unrelated incident. *See* Exhibit 1.[1] The Defendant's Motion now seeks to have the Bureau of Prisons make certain adjustments concerning time that he believes should be credited to his federal sentence. However, as the Defendant's Motion acknowledges, the Defendant is not in federal custody and he is currently still serving his state prison sentence. Consequently, the Bureau of Prisons will not calculate the time remaining on the Defendant's sentence *until after he is transferred to federal custody once his state prison sentence has been discharged.*

To the extent that the Defendant is dissatisfied with the (prospective) Bureau of Prison's calculation, he will then be free to file a petition under 28 U.S.C. § 2241 in district court in the District where he serves his federal sentence. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) ("petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court"); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991) ("to the extent [defendant] challenges the fact or duration of his confinement, the district court should … construe[] [defendant's] complaint as a petition for habeas corpus under 28 U.S.C. § 2241); *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984) ("Review of the execution of a sentence may be had through petition for a writ of habeas corpus under 28 U.S.C. § 2241."); *United States v. Crowell*, 2009 WL 5061576 (D. Hawai'i December 24, 2009) (unpublished) ("[Defendant] challenges the calculation of his sentence, that is, the manner and conditions of the execution of his sentence at FCC Lompoc. Thus, the court construes the Petition as properly brought pursuant to § 2241.").

Given that the Defendant is presently confined as a state prisoner within the District of Nevada, even if this Court were to construe the instant motion as a valid petition under § 2241, it should nevertheless not address the Defendant's claim at the present time because a defendant may not file a 28 U.S.C. § 2241 petition until he exhausts his administrative remedies. *See Tucker*, 925 F.2d at 332 ("Generally, a federal prisoner is required to exhaust his federal administrative remedies before filing a habeas petition"); *Martinez v. Roberts*, 804 F.2d 570, 571

---

[1] The state court judge ordered that the state sentence run *concurrently* with this Court's sentence. However, the Bureau of Prisons is not bound by the state judge's order and will instead follow the pronouncement of this Court's

1  (9th Cir. 1986) (per curiam) (a federal prisoner is required to exhaust federal administrative

2  remedies before bringing a habeas petition in federal court). Here, the Defendant's Motion

3  makes clear that he has not exhausted his administrative remedies.

4       Based on the foregoing, this Court should dismiss the Defendant's Motion or deny it as

5  not ripe.

6       DATED: June 24, 2019.

7                             Respectfully submitted,

8                             NICHOLAS A. TRUTANICH

9                             United States Attorney

10

11                             _____//s//_____

12                             PHILLIP N. SMITH, JR.
                           Assistant United States Attorney

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

judgment.

1

2

3

## CERTIFICATE OF SERVICE

I, Phillip N. Smith, Jr., certify that the Defendant will be served with a copy of the GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR ADJUSTMENT OF TIME CREDIT PURSUANT TO 18 U.S.C. § 3585 via U.S. Mail.

DATED:        June 24, 2019.

 

 

<u>         //s//         </u>
PHILLIP N. SMITH, JR.
Assistant United States Attorney