Lance A. Maningo
MANINGO LAW
Nevada Bar No. 6405
400 South 4th Street, Suite 650
Las Vegas, Nevada 89101
702.626.4646
lance@maningolaw.com
Attorney for Defendant

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:18-cr-00055-APG-GWF |
| | ) | |
| vs. | ) | |
| | ) | |
| CEMONE CHAMPAGNE LEWIS, | ) | **Hearing Requested** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION TO VACATE, SET ASIDE, OR CORRECT CONVICTION AND SENTENCE PURSUANT TO 28 U.S.C. §2255

COMES NOW Defendant CEMONE CHAMPAGNE LEWIS (hereinafter "LEWIS"), by and through counsel, LANCE A. MANINGO, ESQ., of MANINGO LAW, and respectfully requests this Court grant him relief under 28 U.S.C. § 2255.  The Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019) renders LEWIS' Indictment and subsequent conviction and sentence invalid under 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2).

He therefore requests the Court vacate his conviction and dismiss his Indictment.

DATED this 15th day of June, 2020.

MANINGO LAW

By:   /s/ Lance Maningo
Lance A. Maningo
Nevada Bar No. 6405
400 South 4th Street, Suite 650
Las Vegas, Nevada 89101
Attorney for Defendant

400 South 4th Street, Suite 650
Las Vegas, Nevada 89101
www.maningolaw.com
MANINGO LAW

# TABLE OF CONTENTS

I.  Introduction ................................................................................................. 3

II.  Statement of Facts and Procedural History ................................................ 4

    A.  Charges and District Court Proceedings ........................................... 4

    B.  Current Status ................................................................................... 4

III. *Rehaif v. United States* ............................................................................... 4

    A.  *Rehaif* requires the government prove the defendant knew he was convicted of a crime punishable by more than one year in prison at the time of the alleged firearm possession ................................................................................................ 6

    B.  *Rehaif* requires the government prove the defendant knew he was barred from possessing a firearm at the time of the alleged firearm possession .............................. 6

    C.  LEWIS' conviction and sentence are unconstitutional, requiring relief under 28 U.S.C. § 2255 ................................................................................................ 8

IV.  LEWIS' constitutional *Rehaif* claims are timely under 28 U.S.C. § 2255 ....................... 8

    A.  The motion is timely under § 2255(f)(3) because it is filed within one year of *Rehaif* ................................................................................................ 8

V.  LEWIS' claims are cognizable under 28 U.S.C. § 2255(a) because the fundamentally defective Indictment deprived this Court of jurisdiction and violated the Fifth and Sixth Amendments ................................................................................................ 11

    A.  The Indictment failed to describe criminal conduct, depriving this Court of jurisdiction ................................................................................................ 13

    B.  The Indictment violates LEWIS' Fifth Amendment grand jury protections ................................................................................................ 14

    C.  The Indictment violates LEWIS' Fifth Amendment right not to be tried ................................................................................................ 16

    D.  The Indictment violates LEWIS' Sixth Amendment rights to notice and effective assistance of counsel ................................................................................................ 17

    E.  LEWIS' claims are not barred by *Tollett* .............................................. 19

VI.  LEWIS' guilty plea is void and violates his due process rights ....................... 20

VII.  LEWIS must be discharged ........................................................................ 22

VIII.  Conclusion ................................................................................................. 22

MANINGO LAW

400 South 4ᵗʰ Street, Suite 650
Las Vegas, Nevada 89101
www.maningolaw.com

2

**Memorandum of Points and Authorities**

## I.    Introduction

The Grand Jury charged LEWIS with violating 18 U.S.C. § 922(g)(1) and § 924(a)(2) by unlawfully possessing a firearm.  The Indictment, however, failed to allege LEWIS knew, at the time of the alleged firearm possession, that a prior conviction was punishable by more than one year of imprisonment and said conviction barred him from possessing a firearm.

Additionally, LEWIS' subsequent guilty plea proceedings lacked an admission by him or advisement from the Court that the government carried the burden of proving, if he proceeded to trial, that he knew at the time of his firearm possession that his prior crime was punishable by a term exceeding a year in prison, and his status prohibited him from possessing firearms.

Subsequent to LEWIS' conviction, the United States Supreme Court decided *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

*Rehaif* overruled longstanding Ninth Circuit precedent by holding that the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it."  139 S. Ct. at 2194; *see United States v. Enslin*, 327 F.3d 788, 798 (9th Cir. 2003).  *Rehaif* renders LEWIS' Indictment fatally defective as it fails to state a federal crime by omitting essential elements of 18 U.S.C. § 922(g)(1). *Rehaif* also renders LEWIS' guilty plea unknowing and involuntary because he was not advised, nor did he plead guilty to, all elements of the § 922(g) offense, as defined by *Rehaif*. The resulting conviction, based on the fatally defective Indictment and constitutionally erroneous plea, must therefore be vacated and the Indictment dismissed.

/ / / /

/ / / /

/ / / /

## II.    Statement of facts and procedural history

### A.    Charges and District Court Proceedings

LEWIS was indicted on February 28, 2018 [ECF No. 1]. The Indictment alleged in Count One that LEWIS:

> On or about February 1, 2018, in the State and Federal District of Nevada, CEMONE CHAMPAGNE LEWIS, defendant herein, having been convicted of crimes punishable by imprisonment for a term exceeding one year, in the State of Illinois, to wit: Possession of a Controlled Substance, in or about January 2010; Possession of a Fraudulent Identification Card, in or about January 2010; Aggravated Assault on an Officer, in or about January 2011; and Aggravated Unlawful Use of a Weapon, in or about January 2011 did knowingly possess a firearm, to wit: a Ruger .380 caliber semi-automatic pistol bearing serial number 380-180493, said possession being in and affecting interstate commerce and said firearm having been shipped and transported in interstate commerce, all in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

*Id.*

Subsequently, LEWIS entered into a plea agreement with the government [ECF No. 36]. This Court accepted LEWIS' guilty plea on August 8, 2018. [ECF No. 57]. On March 1, 2019, this Court sentenced LEWIS to 21 months in Federal prison consecutive to a case in the Eighth Judicial District (C-18-336516-1) on an unrelated incident. [ECF No. 79].

### B.    Current Status

LEWIS is incarcerated at Southern Desert Correctional Center, a facility within the Nevada Department of Corrections. He was scheduled for a parole hearing on June 10, 2020. Upon release from state prison, it is anticipated that LEWIS will be immediately transferred to the custody of the Federal Bureau of Prisons.

## III.    *Rehaif v. United States*

The Supreme Court decided *Rehaif* on June 21, 2019, reinterpreting and revising the elements for 18 U.S.C. §§ 922(g) and 924(a)(2) offenses.  The Court concluded that, to convict under §§ 922(g) and 924(a)(2), the government must prove the defendant knew—at the time of the alleged firearm possession—that he or she "belonged to the relevant category of persons

MANINGO LAW
400 South 4ᵗʰ Street, Suite 650
Las Vegas, Nevada 89101
www.maningolaw.com

MANINGO LAW
400 South 4ᵗʰ Street, Suite 650
Las Vegas, Nevada 89101
www.maningolaw.com

barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200. *Rehaif* overturned prior Ninth Circuit authority holding the mens rea element in §§ 922(g)(1) and 924(a)(2) applied only to the possession element, not to status. *See Enslin*, 327 F.3d at 798.

*Rehaif* now requires the government to also prove the defendant *knew*—at the time of the alleged firearm possession—he or she was:

> (1)     previously convicted of an offense punishable by more than one year of imprisonment;  and
> (2)     prohibited from possessing a firearm as a result of the previous conviction.

*Rehaif*, 139 S. Ct. at 2200. These mens rea requirements together comprise the "status element" necessary for conviction under §§ 922(g)(1) and 924(a)(2). *Id.* at 2195–96.

The knowledge-of-status element arises from the interplay between §§ 922(g) and 924(a)(2). Reading these two statutes together, *Rehaif* concluded the government must prove mens rea as to *both* status and possession. *Id.* at 2200.

The knowledge-of-status element also arises from the "presumption in favor of scienter" and fundamental fairness. *Rehaif*, 139 S. Ct. at 2195 (citing *Black's Law Dictionary* 1547 (10th ed. 2014)). The Supreme Court explained the scienter presumption applies to criminal statutes because criminal liability will not be imposed "on persons who, due to lack of knowledge, did not have a wrongful mental state." *Id*. at 2198. The Court also explained that possessing a firearm can be an "entirely innocent" act: if a defendant lacks knowledge of the facts and circumstances making his possession unlawful, he "lack[s] the intent needed to make his behavior wrongful." *Id*. Thus, the Court requires the government to prove beyond a reasonable doubt "the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Id.* at 2194.

/ / / /

/ / / /

5

**A.** ***Rehaif* requires the government prove the defendant knew he was convicted of a crime punishable by more than one year in prison at the time of the alleged firearm possession.**

*Rehaif* first requires the government to prove the defendant knew he or she was previously convicted of a crime punishable by more than one year in prison. This requirement derives from both *Rehaif* and the structure of §§ 922(g) and 924(a)(2).

The *Rehaif* Court rejected the idea that someone should be expected to know his own prohibited status if he had a prior conviction but did not know that conviction was "'*punishable by imprisonment for a term exceeding one year*.'" 139 S. Ct. at 2198 (quoting § 922(g)(1)) (emphasis in original). For example, if a defendant was previously sentenced to probation or received incorrect legal information, he may have been unaware the prior conviction was punishable by more than one year in prison. *Id.* Due to the "presum[ption] that Congress did not intend to impose criminal liability on persons who, due to lack of knowledge, did not have a wrongful mental state," the *Rehaif* Court clarified that a defendant must know he was previously convicted of an offense punishable by more than one year of imprisonment under § 922(g). *Id.*

**B.** ***Rehaif* requires the government prove the defendant knew he was barred from possessing a firearm at the time of the alleged firearm possession.**

*Rehaif* also requires the government prove a defendant knew he was prohibited from possessing a firearm at the time of possession. "We conclude that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that *he knew* he belonged to the *relevant category of persons barred from possessing a firearm*." *Rehaif*, 139 S. Ct. at 2200 (emphasis added).

*Rehaif* relies on the necessity of a "vicious will" to convict someone of a crime. 139 S. Ct. at 2196 (citing 4 W. Blackstone, Commentaries on the Laws of England 21 (1769)). The *Rehaif* Court emphasized the fundamental importance of "separat[ing] those who understand

the wrongful nature of their act from those who do not." *Id.* (citing *United States v. X-Citement Video,* 513 U.S. 64 (1994)).  Convicting a defendant based on mere knowledge of his criminal history does not ensure conviction of only those actors with a "vicious will."  *Id.*  Rather, conviction requires a defendant to know "the wrongful nature of their act," meaning the significance of the relevant category he or she belongs to.  *Id.*  A defendant who simply knows he has a prior conviction punishable by more than one year does not have a "vicious will" when possessing a firearm because that conduct does not demonstrate the defendant knew the prior conviction prohibited firearm possession.

Thus, to convict a defendant under §§ 922(g)(1) and 924(a)(2), the government must prove both the defendant knew at the time of possession he belonged to the relevant § 922(g) category (i.e., that the defendant had a prior conviction punishable by more than one year), and that the defendant knew his legal status prohibited firearm possession.  *Rehaif*, 139 S. Ct. at 2200.  Otherwise, "the defendant may well lack the intent needed to make his behavior wrongful."  *Id.* at 2197.  The defendant must know the prior conviction bars him from possessing a firearm for the defendant to have the requisite "vicious will."

The government therefore must prove beyond a reasonable doubt the defendant knew his prior conviction barred him from possessing a firearm to prove the defendant had the requisite "vicious will."  *Rehaif* specifically held this new "status element" requires the government to prove "the defendant knew he possessed a firearm and also that he knew he had the relevant *status* when he possessed it."  *Id.* at 2194 (emphasis added).

The word "status" is defined as "[a] person's legal condition, whether personal or proprietary; the sum total of a person's legal rights, duties, liabilities, and other legal relations, or any particular group of them separately considered."  Status, *Black's Law Dictionary* (11th ed. 2019).  Thus, considering whether someone is merely convicted of a crime punishable by more than one year in prison does not determine a defendant's status.  Rather, a court or a jury

7

must determine if the defendant knew the "legal rights, duties, liabilities, and other legal relations" springing from that status.  If the government does not prove the defendant knew he was barred from possessing a firearm, then the government did not prove "he knew he had the relevant status" when possessing the firearm.  *Rehaif*, 139 S. Ct. at 2194.

> **C.    LEWIS' conviction and sentence are unconstitutional, requiring relief under 28 U.S.C. § 2255.**

As addressed in full below, *Rehaif*'s required mens rea status element is absent from every stage of LEWIS' case, infecting the entire proceedings with constitutional errors.  The Indictment did not allege LEWIS knew he had a prohibitive status at the time of possession [ECF No. 1].  The Indictment's failure to state a cognizable crime against the United States violates LEWIS' constitutional rights, including:  his Fifth Amendment rights guaranteeing that a grand jury found probable cause to support all the necessary elements of the crime and his right not to be tried by a fundamentally defective Indictment and his Sixth Amendment right guaranteeing that he be informed "of the nature and cause of the accusation."  The defective Indictment also stripped this Court of jurisdiction.  Additionally, LEWIS' plea was not knowing and voluntary due to the missing mens rea element, violating his due process rights.

These pervasive constitutional errors require this Court to vacate LEWIS' conviction, dismiss the Indictment, nullify his guilty plea, and release LEWIS immediately.

**IV.    LEWIS' constitutional *Rehaif* claims are timely under 28 U.S.C. § 2255.**

LEWIS' one-year statute of limitations for seeking habeas relief runs from the latest of four time triggers in 28 U.S.C. § 2255(f).  Habeas relief is timely under 28 U.S.C. § 2255(f)(3).

> **A.    The motion is timely under § 2255(f)(3) because it is filed within one year of *Rehaif*.**

This Motion is timely under § 2255(f)(3).  Under 28 U.S.C. § 2255(f)(3), the one-year statute of limitations for habeas relief runs from "the date on which the right asserted was

MANINGO LAW
400 South 4th Street, Suite 650
Las Vegas, Nevada 89101
www.maningolaw.com

initially recognized by the Supreme Court."   § 2255(f)(3) requires the right asserted "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."   The Supreme Court decided *Rehaif* on June 21, 2019. Therefore, LEWIS has one year, or until June 20, 2020, to file for relief under 28 U.S.C. § 2255.

To seek habeas relief, § 2255(f)(3) requires the right asserted be "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."   Under *Teague v. Lane*, a Supreme Court decision announcing a "substantive" rule applies retroactively to cases on collateral review.   489 U.S. 288, 301 (1989).   A decision is "substantive" when it "alters the range of conduct or the class of persons that the law punishes." *Welch v. United States*, 136 S. Ct. 1257, 1264–65 (2016).   Changes to elements required by federal statutes are deemed substantive and therefore retroactive.   *Bousley v. United States*, 523 U.S. 614, 620–21 (1998).

*Bailey v. United States* provides an excellent parallel to *Rehaif* claims for analysis of § 2255(f)(3).   516 U.S. 137 (1995).   Much like *Rehaif, Bailey* changed the interpretation of a statute and modified the elements within.   In *Bailey*, the Supreme Court resolved a circuit split over the conduct required for a conviction under 18 U.S.C. § 924(c)(1).   *Id.* at 150.   The Supreme Court departed from the interpretation of 18 U.S.C. § 924(c)(1) permitting "mere use" of a firearm for conviction.   *Id.*   The Supreme Court instead held that § 924(c)(1) required "active employment" of a firearm.   *Id.*   The Supreme Court also held *Bailey* retroactive. *Bousley*, 523 U.S. at 620–21.

Just like *Bailey*, *Rehaif* changed the interpretation of a criminal offense, unlawful possession of a firearm and revised its essential elements.   18 U.S.C. §§ 922(g) and 924(a)(2). *Rehaif* thus sets forth a newly recognized statutory right under § 2255(f)(3).   Furthermore, retroactivity is even more striking in *Rehaif* than *Bailey*.   While *Bailey* provided an answer to divided federal circuit courts, *Rehaif* overruled a unified consensus among every single federal

9

circuit court that addressed the issue. *Compare Bailey*, 516 U.S. at 142, *with Rehaif*, 139 S. Ct. at 2210 n.6. This united front precluded LEWIS from previously seeking relief in his underlying case, as doing so was not only prohibited by Ninth Circuit precedent but would have also led to accusations of frivolous filings, leaving habeas as his only recourse. While *Bailey* merely modified an existing element, *Rehaif* added a previously nonexistent element. These differences further demand *Rehaif*'s retroactivity.

The Supreme Court need not, however, explicitly declare a holding retroactive for it to apply retroactively. For example, the Supreme Court may "'lay out and construct' a rule's retroactive effect, or 'cause' that effect 'to exist, occur, or appear,' . . . through a holding." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). "[A] single case that expressly holds a rule to be retroactive is not a *sine qua non*" for retroactivity purposes. *Id.* at 668 (J. O'Connor, concurring). As Justice O'Connor explained, "if we hold in Case One that a particular type of rule applies retroactively to cases on collateral review and hold in Case Two that a given rule is of that particular type, then it necessarily follows that the given rule applies retroactively to cases on collateral review." *Id.* at 668–69.

Here, the Supreme Court found retroactivity exists where "[the Supreme Court] decides the meaning of a criminal statute enacted by Congress." *Bousley*, 523 U.S. at 620. The Supreme Court "found" *Rehaif* to be retroactive when it found *Bailey* retroactive.

The *Rehaif* Court itself understood its decision would be retroactive. Justice Alito recognized "[a] great many convictions will be subject to challenge, threatening the release or retrial of dangerous individuals whose cases fall outside the bounds of harmless-error review." *Rehaif*, 139 S. Ct. at 2201 (J. Alito, dissenting). The *Rehaif* Court further recognized the defendant's knowledge of his status—not just his conduct—is needed to make his behavior criminal. 139 S. Ct. at 2194. The previous interpretation, where mens rea was absent from the

10

status element, impermissibly made lawful conduct criminal. *Id.* at 2196–97. Because *Rehaif* provides a new and substantive rule, it is retroactive to cases on collateral attack.

**V.     LEWIS' claims are cognizable under 28 U.S.C. § 2255(a) because the fundamentally defective Indictment deprived this Court of jurisdiction and violated the Fifth and Sixth Amendments.**

A federal prisoner may seek to vacate a sentence: when "the court was without jurisdiction to impose such sentence"; when the sentence "was imposed in violation of the Constitution or laws of the United States"; or when the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). LEWIS is eligible for relief through any of these three means because numerous constitutional errors deprived the Court of jurisdiction to impose the sentence, rendered the sentence imposed a violation of the Constitution and laws of the United States, and otherwise have left his conviction and sentence subject to collateral attack.

An indictment must allege all essential elements of an offense for it to be constitutionally valid. "A criminal indictment must, however, perform certain essential functions which are of utmost importance to the protection of persons accused of crimes." *United States v. Pheaster*, 544 F.2d 353, 360 (9th Cir. 1976). "The Supreme Court has emphasized that the performance of these functions is not to be compromised." *Id.* A "constitutionally defective indictment is a structural defect requiring reversal because the Indictment 'fail[ed] to ensure that [the defendant] was prosecuted only 'on the basis of the facts presented to the grand jury.'" *Summerlin v. Stewart*, 341 F.3d 1082, 1117 n.19 (9th Cir. 2003), *rev'd on other grounds; see also United States v. Inzunza*, 638 F.3d 1006, 1016–17 (9th Cir. 2011) ("A defective indictment is a structural flaw not subject to harmless error review."). A structural error "warrant[s] habeas relief without a showing of specific prejudice." *United States v. Withers*, 638 F.3d 1055, 1063–64 (9th Cir. 2011).

LEWIS' Indictment fails to allege all elements of a criminal offense, making his Indictment and resulting conviction fatally and constitutionally defective. An indictment

11

alleging a § 922(g) violation must allege: (1) the defendant knowingly possessed a firearm; (2) that was in or affecting interstate commerce; and (3) at the time of possession, the defendant knew he (a) had a prior conviction punishable by more than one year of imprisonment; and (b) was prohibited from possessing a firearm as a result of the previous conviction. *Rehaif*, 139 S. Ct. at 2196, 2200.

Here, the only mens rea element alleged in the Indictment pertained to LEWIS' knowing possession of a firearm [ECF No. 1]. The indictment lacks the *Rehaif* mens rea status element. As a result, the indictment is subject to collateral attack through § 2255.

First, the indictment is fatally defective because it failed to allege a cognizable crime against the United States. *United States v. James*, 980 F.2d 1314, 1316 (9th Cir. 1992). A fatally defective indictment strips this Court of jurisdiction. *Id*.

Second, the grand jury was not required to find probable cause that LEWIS knew his prohibited status in order to indict him. This violates LEWIS' Fifth Amendment guarantee that he not "be held to answer for a . . . crime, unless on a presentment or Indictment of a Grand Jury . . . ." U.S. Const. amend. V.

Third, the defective indictment violates LEWIS' Fifth Amendment right not to be tried without an indictment presented by a grand jury, which is violated when the defendant is tried on a fundamentally defective indictment. *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 802 (1989); U.S. Const. amend. V.

Fourth, the defective indictment did not inform LEWIS "of the nature and cause of the accusation," violating his Sixth Amendment rights to notice and effective assistance of counsel. U.S. Const. amend. VI.

All of these constitutional claims are addressed in more detail below. Under the jurisdictional, constitutional, and catchall provisions in § 2255(a), LEWIS' claims are cognizable and warrant relief.

12

A.      **The Indictment failed to describe criminal conduct, depriving this Court of jurisdiction.**

Generally, "the failure of an indictment to detail each element of the charged offense constitutes a fatal defect" depriving the district court of jurisdiction and requiring dismissal. *James*, 980 F.2d at 1316; *United States v. Ruelas*, 106 F.3d 1416, 1418 (9th Cir. 1996) ("[W]e have defined jurisdictional claims as 'claims that the . . . indictment fails to state an offense.'"). Certain "defects in an indictment do not deprive a court of its power to adjudicate a case," such as "not alleg[ing] any of the threshold levels of drug quantity that lead to enhanced penalties under [21 U.S.C.] §841(b)." *United States v. Cotton*, 535 U.S. 625, 628, 630 (2002). Failing to allege a federal offense *at all* is not an excusable infirmity because the court only "has jurisdiction of all crimes cognizable under the authority of the United States." *Lamar v. United States*, 240 U.S. 60, 65 (1916).

"The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."  18 U.S.C. § 3231.  The allegation against LEWIS was, at worst, "an innocent mistake to which criminal sanctions normally do not attach" and is thus not a cognizable crime. *Rehaif*, 139 S. Ct. at 2197.  Not only did the Supreme Court affirmatively conclude an allegation like the one charged here is not a crime, it is conduct theoretically protected by the Second Amendment. U.S. Const. amend. II.  The government never alleged a crime against LEWIS due to the undefined void between where the constitutionally protected right to bear arms ended and unlawful possession began.  Thus, this Court did not have jurisdiction to convict LEWIS, as the allegation failed to meet the jurisdictional standard in § 3231.

In an analogous circumstance, the Eleventh Circuit vacated a conviction based on an invalid indictment in *United States v. Izurieta*, 710 F.3d 1176 (11th Cir. 2013).  The indictment charged the defendants under 18 U.S.C. § 545 with "unlawful" importation of goods in

13

violation of 19 C.F.R. § 141.113(c), which is not a federal "offense" because the "law" violated was civil rather than criminal.  *Id.* at 1179–80.  The *Izurieta* court held "the entire indictment did not adequately set forth a violation of criminal law, and subject matter jurisdiction does not exist," vacating all convictions.  *Id.* at 1185; *see also United States v. Bruno*, 661 F.3d 733, 740 (2d Cir. 2011) (vacating two convictions due to new precedent changing elements required for conviction, where government conceded the indictment did not allege a violation of criminal law).

A jurisdictional defect is a structural error.  "The purpose of the structural error doctrine [has been] to ensure insistence on certain basic, constitutional guarantees that should define the framework of any criminal trial."  *Weaver v. Massachusetts*, 137 S. Ct. 1899, 1907 (2017). Structural errors "'affect the framework within which the trial proceeds,' rather than being 'simply an error in the trial process itself.'"  *Id.* (quoting *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991)).  Here, the jurisdictional defect undermines the power of a court to even hold a trial.  As a structural error "warrant[s] habeas relief without a showing of specific prejudice," LEWIS' conviction must be vacated.  *Withers*, 638 F.3d at 1063–64 (citing *Waller v. Georgia*, 467 U.S. 39, 49-50 (1984)).

**B.** **The Indictment violates LEWIS' Fifth Amendment grand jury protections.**

The Fifth Amendment guarantees LEWIS "the 'substantial right to be tried only on charges presented in an indictment returned by a grand jury.'"  *United States v. Davis*, 854 F.3d 601, 603 (9th Cir. 2017).  "The very purpose of the requirement that a man be indicted by grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge."  *Russell v. United States*, 369 U.S. 749, 771 (1962) (citing *Stirone v. United States*, 361 U.S. 212, 218 (1960)).  Failing to

14

include all essential elements "impermissibly allow[ed] conviction on a charge never considered by the grand jury." *United States v. Du Bo*, 186 F.3d 1177, 1180 (9th Cir. 1999).

When an indictment excludes an element of the offense, this Court may never assume the omitted element was nonetheless presented to the grand jury:

> To allow a prosecutor or court to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the Indictment would deprive the defendant of a basic protection that the grand jury was designed to secure, because a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury that indicted him.

*United States v. Keith*, 605 F.2d 462, 464 (9th Cir. 1979) (citing *Russell v. United States*, 369 U.S. 749, 770 (1962); *Jeffers v. United States*, 392 F.2d 749, 752-53 (9th Cir. 1968)).

For example, in *Keith*, the Ninth Circuit reversed a district court's denial of the defendant's motion to dismiss the indictment. 605 F.2d at 463. The defendant was charged with involuntary manslaughter, but the indictment failed to allege the defendant had (1) acted with gross negligence causing death; and (2) actual knowledge his conduct was a threat to the lives of others, or knowledge of circumstances that would have made reasonably foreseeable to him the peril his acts might cause others. *Id.* In finding the omitted elements rendered the indictment fatally defective, the Ninth Circuit rejected the government's claim that tracking the statute's language in the indictment was sufficient. *Id.* at 465 (citing *United States v. Morrison*, 536 F.2d 286, 288 (9th Cir. 1976)).

The facts are even more compelling here. When the grand jury indicted in *Keith*, the courts had ruled that involuntary manslaughter required the two omitted elements. *See United States v. Escamilla*, 467 F.2d 341, 347 (4th Cir. 1972); *Barbeau v. United States*, 193 F.2d 945, 949 (9th Cir. 1951). Conversely, at the time of LEWIS' Indictment and conviction, Ninth Circuit case law expressly *rejected* the argument that the defendant had to know his prohibitive status. *Enslin*, 327 F.3d at 798. Thus, this Court cannot "make a subsequent guess as to what

MANINGO LAW
400 South 4th Street, Suite 650
Las Vegas, Nevada 89101
www.maningolaw.com

was in the minds of the grand jury at the time they returned the indictment" and cannot look to the record to determine whether sufficient evidence exists. *Keith*, 605 F.2d at 464. There is no guarantee the Grand Jury considered whether LEWIS knew he had a prohibitive status. In fact, in light of *Enslin*, it is quite *un*likely such evidence was presented to or contemplated by the grand jury.

The Indictment failed to state a valid claim by not alleging all essential elements under §§ 922(g) and 924(a)(2)—meaning the grand jury did not find probable cause on all required elements. Because failing to guarantee a grand jury find probable cause on all elements of the crime is a structural error, LEWIS need not show prejudice. *Inzunza*, 638 F.3d at 1016–17; *Withers*, 638 F.3d at 1062. This structural error requires reversal.

**C.    The Indictment violates LEWIS' Fifth Amendment right not to be tried.**

Defendants have the constitutional right not to be tried when there is no grand jury Indictment. U.S. Const. amend. V; *Midland Asphalt Corp.*, 489 U.S. at 802. A defect can be "so fundamental that it causes . . . the indictment no longer to be an indictment." *Midland Asphalt Corp.*, 489 U.S. at 802. When such a defect is present, it violates the defendant's right to not be tried. *Id.* An indictment missing an essential element is not an indictment at all because it is not a "formal written accusation of a crime." Indictment, *Black's Law Dictionary* (11th ed. 2019). Since an indictment missing an essential element does not contain an accusation of a crime, it cannot legally be considered an indictment.

LEWIS' Indictment describes lawful conduct. The Indictment accused him of: (1) knowingly possessing a firearm, (2) after having been convicted of a crime punishable by more than one year, (3) when that firearm traveled in interstate commerce [ECF No. 1]. These accusations, taken together, do not describe a crime. They describe no more than "an innocent mistake to which criminal sanctions normally do not attach." *Rehaif*, 139 S. Ct. at 2196. Since the indictment did not set forth a "formal written accusation of a crime," it cannot legally be

considered an indictment and gives rise to LEWIS' right not to be tried. *Midland Asphalt Corp.*, 489 U.S. at 802.

Bringing to trial a defendant based on a faulty indictment and violating his right not to be tried "'affect[s] the framework within which the trial proceeds,' rather than being 'simply an error in the trial process itself.'" *Weaver*, 137 S. Ct. at 1907 (quoting *Fulminante*, 499 U.S. at 310). This type of structural error "warrant[s] habeas relief without a showing of specific prejudice." *Withers*, 638 F.3d at 1063–64. As LEWIS' right not to be tried was violated, this Court must vacate his conviction.

### D.   The Indictment violates LEWIS's Sixth Amendment rights to notice and effective assistance of counsel.

The Sixth Amendment affords defendants the right "to be informed of the nature and cause of the accusation." U.S. Const. amend. VI. An indictment must "apprise the accused of the crime with which he stands charged." *United States v. Britton*, 107 U.S. 655, 661 (1882). "The object of the indictment is, first, to furnish the accused with such a description of the charge against him as will enable him to make his defense, and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause." *United States v. Cruikshank*, 92 U.S. 542, 558 (1875). Courts must read the accused's right "to be informed of the nature and cause of the accusation" as intending that the indictment shall cover all essential elements in offense charged. *United States v. Auerbach*, 420 F.2d 921, 923 (5th Cir. 1969). "An indictment not framed to apprise the defendant 'with reasonable certainty, of the nature of the accusation against him . . . is defective, although it may follow the language of the statute.'" *Russell*, 369 U.S. at 765 (quoting *United States v. Simmons*, 96 U.S. 360, 362 (1877)).

In addition, the Sixth Amendment affords defendants the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 684–85 (1984). This fundamental right

to counsel "is next to meaningless unless counsel knows and has a satisfactory opportunity to respond to the charges against which he or she must defend." *Sheppard v. Rees*, 909 F.2d 1234, 1237 (9th Cir. 1990).  "To be sufficient, an indictment must state the elements of the offense charged with sufficient clarity to apprise a defendant of the charge against him, primarily so that he can defend himself against the charge and plead double jeopardy in appropriate cases." *United States v. Normandeau*, 800 F.2d 953, 958 (9th Cir. 1986); Fed. R. Crim. P. 7(c).

Here, because the Indictment omitted an essential element, there was no notice to LEWIS of this element, and LEWIS could not prepare a thorough defense.  Defense counsel could not investigate whether LEWIS knew his prohibitive status at the time of the alleged possession or the government's ability to prove beyond a reasonable doubt any such knowledge.  Evidence derived from such an investigation could have changed the trajectory of this case.

The Ninth Circuit is "inclined to believe that [a violation of the right to be noticed of the accusation] must be structural, because it 'affect[s] the framework within which the trial proceeds, rather than simply [being] an error in the trial process itself.'" *Gautt v. Lewis*, 489 F.3d 993, 1015 (9th Cir. 2007) (quoting *Fulminante*, 499 U.S. at 310); *see also Inzunza*, 638 F.3d at 1016–17.  In addition, the Fourth Circuit found a *Rehaif* error is a structural error when it violates the "Sixth Amendment autonomy interest." *United States v. Gary*, 954 F.3d 194, 205-206 (4th Cir. 2020) (discussing *Rehaif* as it applies to a claim to vacate guilty pleas); *McCoy v. Louisiana*, 138 S. Ct. 1500, 1511 (2018) (violating a defendant's Sixth Amendment secured autonomy is structural error and not subject to harmless error analysis).

The omission in the Indictment "deprived [defendant] of his right to determine the best way to protect his liberty" and is a structural error. *Gary*, 954 F.3d at 205-206.  This structural defect "warrant[s] habeas relief without a showing of specific prejudice." *Withers*, 638 F.3d

at 1063-64 (citing *Waller*, 467 U.S. at 49-50).   However, even lacking a structural defect, LEWIS' inability to properly investigate a mens rea defense caused actual prejudice for the reasons cited above.   Without proper notice of all charges against him, LEWIS' Sixth Amendment rights were violated, and the conviction must be vacated.

### E.   LEWIS' claims are not barred by *Tollett*.

In *Tollett v. Henderson*, the Supreme Court precluded certain federal habeas challenges to pre-plea constitutional violations:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [inadequate].

93 S. Ct. 1602, 1608 (1973).  Courts subsequently identified exceptions to *Tollett*'s general rule.[1]  The Ninth Circuit stated these exceptions include "claims in which, judged on the face of the indictment and the record, the charge in question is one which the state may not constitutionally prosecute." *Johnston*, 199 F.3d at 1019 n.3 (citing *United States v. Broce*, 488 U.S. 563 (1989)).

LEWIS' claims fall within a *Tollett* exception because his claims are jurisdictional. LEWIS's claims also implicate the government's inability to constitutionally prosecute him based on the face of the Indictment, since the Indictment alleges lawful firearm possession. Prosecuting based on an indictment alleging lawful conduct also violates LEWIS' Fifth and

---

[1] *See, e.g., Menna v. New York,* 423 U.S. 61, 62 (1975) (per curiam) (double jeopardy is exempted from *Tollett*); *Blackledge v. Perry*, 417 U.S. 21 (1974) (vindictive prosecution claims are exempted from *Tollett*); *United States v. Garcia-Valenzuela*, 232 F.3d 1003 (9th Cir. 2000) (unconstitutional or vague statute claims are exempted from *Tollett*); *United States v. Johnston*, 199 F.3d 1015, 1019 n.3 (9th Cir. 1999) (jurisdictional claims are exempted from *Tollett*).

19

MANINGO LAW
400 South 4th Street, Suite 650
Las Vegas, Nevada 89101
www.maningolaw.com

Sixth Amendment rights, further prohibiting the government from constitutionally prosecuting him based on the face of the indictment.  In addition, the Ninth Circuit has acknowledged that an indictment's failure to state a valid claim would be exempt from *Tollett*. *Johnston,* 199 F.3d at 1019 n.3 (citing *United States v. Cortez*, 973 F.2d 764, 766–67 (9th Cir. 1992)).

## VI.   LEWIS' guilty plea is void and violates his due process rights.

Because *Rehaif* established a previously unknown element required for conviction under 18 U.S.C. § 922(g)(1) and § 924(a)(2), LEWIS did not knowingly and intelligently plead guilty to all necessary elements of Count One.  "A plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" *Bousley*, 523 U.S. at 618.  An involuntary plea constitutes structural error.  *Henderson v. Morgan*, 426 U.S. 637, 647 (1976); *see also Gary*, 2020 WL 1443528, at *7 (finding a *per se* structural error in guilty plea without the *Rehaif* elements).  "The purpose of the structural error doctrine is to ensure insistence on certain basic, constitutional guarantees that should define the framework of any criminal trial." *Weaver*, 137 S. Ct. at 1907 (citations omitted).  Such a fundamental defect "entitl[es] the defendant to automatic reversal without any inquiry into prejudice." *Id.* at 1905.

The Supreme Court has "long held that a plea does not qualify as intelligent unless a criminal defendant first receives 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" *Bousley*, 523 U.S. at 618 (cleaned up).  "[B]ecause a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." *McCarthy v. United States*, 394 U.S. 459, 466 (1969); *see also* Fed. R. Crim. P. 11(b)(1)(C) (requiring the district court to inform the defendant of, and determine the defendant understands, the "nature of each charge to which the defendant is pleading.").  The very "purpose" of Rule 11(c) of the Federal Rules of Criminal Procedure "is to 'ensure that guilty pleas are knowing and voluntary.'" *United States v. Portillo-Cano*, 192 F.3d 1246,

MANINGO LAW
400 South 4th Street, Suite 650
Las Vegas, Nevada 89101
www.maningolaw.com

1250 (9th Cir. 1999), *as amended* (Dec 6, 1999); *United States v. Longoria*, 113 F.3d 975, 977 (9th Cir. 1997) (holding "defendant's right to be informed of the charges against him is at the core of Rule 11").  When the "record reveals that neither [the defendant], nor his counsel, nor the court correctly understood the essential elements of the crime with which he was charged," his guilty plea is constitutionally invalid.  *Bousley*, 523 U.S. at 618-19.

Where, as here, a defendant establishes his guilty plea violated constitutional due process, his conviction cannot "be saved even by overwhelming evidence that the defendant would have pleaded guilty regardless."  *United States v. Dominguez Benitez*, 542 U.S. 74, 84 n.10 (2004).  Since a denial of "notice of the true nature of the charge" is "the first and most universally recognized requirement of due process," a plea that does not evidence understanding "cannot support a judgment of guilt."  *Henderson*, 426 U.S. at 644–45.  Not even the defendant's admission that he killed the victim could "serve as a substitute for either a finding after trial, or a voluntary admission, that [he] had the requisite intent." *Id.*

When LEWIS entered his guilty plea, no one understood that §§ 922(g) and 924(a)(2) required him to *know* his prohibited firearm status at the time of the alleged possession.  In his pre-*Rehaif* guilty plea colloquy, LEWIS did not admit to knowing his prohibited firearm status at the time of the alleged firearm possession.  Instead, LEWIS admitted, as was customary at the time, only to having been convicted of a crime punishable by a term of imprisonment of more than one year.  ECF No. 79. The district court did not advise LEWIS that the government would have to prove the knowledge-of-status element if he proceeded to trial.  During the proceedings below, the government offered no proof of *Rehaif*'s new knowledge element.

By convicting and sentencing LEWIS without his knowing admission to all the required offense elements, the judicial proceedings below violated the Due Process Clause. *Bousley v. United States*, 523 U.S. 614, 618-19 (1998).  Therefore, LEWIS did not enter a voluntary and intelligent plea, requiring relief under 28 U.S.C. § 2255.

21

## VII.    LEWIS must be discharged.

LEWIS' sole count of conviction is Count One under 18 U.S.C. § 922(g)(1) [ECF No. 1]. Once vacated, there will be no remaining convictions or counts. *Id.*  The Court's only options under 28 U.S.C. § 2555 are to "discharge the prisoner or resentence him or grant a new trial or correct the sentence."  28 U.S.C. § 2255(b); *see also United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999) (explaining the district court is limited to the options provided in § 2255(b) even when some of those options may be unavailable).  There will be no additional charges to resentence him on, grant a new trial on, nor can the Court correct the sentence, as there will be no conviction upon which to resentence LEWIS.  Thus, LEWIS must be discharged.

## VIII.   Conclusion

This Court should find *Rehaif* cognizable and retroactive and should vacate LEWIS' erroneous § 922(g) conviction[s] in Count[s] [922g COUNTS]. Because LEWIS' only conviction was under § 922(g), the only appropriate remedy under § 2255 is to release LEWIS.

DATED this 15th day of June, 2020.

Respectfully submitted,



By:     _/s/  Lance Maningo_
Lance A. Maningo
Nevada Bar No. 6405
400 South 4th Street, Suite 650
Las Vegas, Nevada 89101
Attorney for Defendant

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANINGO LAW
400 South 4ᵗʰ Street, Suite 650
Las Vegas, Nevada 89101
www.maningolaw.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that she is an employee of Maningo Law and is a person of such age and discretion as to be competent to serve papers. On the 15ᵗʰ day of June, 2020, she served an electronic copy of the above and foregoing motion by electronic service (ECF) to the person named below:

NICHOLAS A. TRUTANICH
United States Attorney
ELIZABETH O. WHITE
Appellate Chief and
PHILLIP N. SMITH
Assistant United States Attorney
501 Las Vegas Blvd. S., Suite 1100
Las Vegas, NV 89101

/s/ Elyse Kilgore
_____
Employee of Maningo Law