UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>v.<br><br>CEMONE CHAMPAGNE LEWIS,<br><br>    Defendant | Case No.: 2:18-cr-055-APG-GWF<br><br>**Order Denying Second Motion for Adjustment of Time Credit**<br><br>[ECF No. 85] |

    Defendant Cemone Champagne Lewis filed a motion requesting that I recalculate his prison time to credit him with time he spent in custody prior to sentencing.[1] ECF No. 85. This is the second time Mr. Lewis has requested this relief. *See* ECF No. 66. I denied his previous request because I do not have the authority to grant prison credit times. *See* ECF No. 71. Rather, that authority belongs to the Bureau of Prisons. *United States v. Wilson*, 503 U.S. 329, 334-335 (1992); *United States v Checchini*, 967 F.2d 348, 349-350 (9th Cir. 1992) (citing *Wilson*).

    In my prior order, I told Mr. Lewis that he must first pursue his administrative remedies through the Bureau of Prisons. ECF No. 71. His motion does not contain any evidence or information showing that he has done so. I also pointed out that, after exhausting his administrative remedies, the proper way for him to challenge the duration of his confinement is through a petition for habeas corpus under 28 U.S.C. § 2241. *See Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991). And I told Mr. Lewis that a § 2241 petition must be filed in the district in which he is in custody, rather than in this court. ECF No. 71.

---

[1] Mr. Lewis is represented by counsel in this case. Thus, he is not permitted to file a motion *pro se*. *See* Local Rule IA 11-6(a) ("Unless the court orders otherwise, a party who has appeared by attorney cannot while so represented appear or act in the case.").

I THEREFORE ORDER that Mr. Lewis's motion for adjustment of time credit (**ECF No. 85) is denied without prejudice** because I lack the authority to grant it.

DATED this 7th day of December, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE