JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar Number 7709
STEVEN J. ROSE
Nevada Bar Number 13575
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Steven.Rose@usdoj.gov
*Attorneys for the United States of America*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CEMONE CHAMPAGNE LEWIS,<br><br>Defendant. | Case No.: 2:18-cr-055-APG-GWF<br><br>**Government's Response to Defendant's Motion for Early Termination of Supervised Release [ECF No. 103]** |

Certification: This response is timely filed.

## I.   Introduction

On March 1, 2019, this Court sentenced Cemone Lewis (Defendant) to 21 months in prison, followed by 3 years supervised release. Defendant began his term of supervised release on or about November 19, 2021. On June 5, 2023, Defendant filed the instant Petition, seeking early termination of his supervised release. In support of his request, Defendant provides no justification other than compliance with the conditions of his release, which he characterizes as "exemplary behavior." ECF No. 103 at ¶ 2. Though Defendant's compliance with the terms of his release is a welcome change from his prior history of behavior, he has not met his burden to show he is entitled to early termination of supervision. Defendant has not shown that early

1

termination is in the interest of justice based upon simple compliance with the rules of release. *See* 18 U.S.C. § 3583 (e)(1). This Court should deny the Petition.

## II.    Procedural History

On February 8, 2018, the grand jury returned an Indictment against Defendant charging him with one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922 (g)(1) and 924 (a)(2), based upon his prior convictions for Possession of a Controlled Substance, Possession of a Fraudulent Identification Card, Aggravated Assault on an Officer, and Aggravated Unlawful Use of a Weapon. ECF No. 1. On August 8, 2018, a guilty plea agreement was filed, by which Defendant pled guilty to that offense. ECF No. 36. As part of that plea, the government agreed to recommend credit for time served, and not to oppose Defendant's release from custody pending sentencing. *Id.* at 7. That same day, this Court accepted Defendant's plea, entertained his motion for release from custody, and released him with conditions. ECF No. 40. Sentencing was scheduled for November 15, 2018. *Id.*

On November 13, 2018, Defendant was arrested by the Las Vegas Metropolitan Police Department and charged with Coercion with Force or Threat of Force, Child Abuse or Neglect, Battery Constituting Domestic Violence by Strangulation, Battery Constituting Domestic Violence, and False Statement to Obstruct Public Officer in case C-18-336516-1. PSR ¶ 8. On January 23, 2019, Defendant pled guilty to the felony offense of Attempt Burglary in that case. *Id.* The PSR also noted a technical violation or pretrial supervision occurring on November 9, 2018. *Id.* at ¶ 9.

On March 1, 2019, Defendant was sentenced. ECF No. 64. Because Defendant breached the plea agreement, the government was free to ask for any legal sentence. *See* ECF No. 79, at 13-14. The government noted Defendant's extensive criminal history, including his repeated instances of violating forms of community supervision and disciplinary infractions

while in custody. *Id.* at 14-17. This Court, in articulating its consideration of the sentencing factors, also referenced Defendant's criminal history, noting that he had been arrested or convicted every year that he was not in prison after the age of 19. *Id.* at 28. This Court earlier noted that Defendant had been arrested twice within nine days, each time for possessing a firearm. *Id.* at 9. Ultimately, this Court varied downward from the recommendation of Pretrial and the government, imposing a sentence of 21 months in custody, to run consecutive to the State sentence. *Id.* at 31; *see also* ECF No. 65 at 2. This Court further imposed a sentence of three years of supervised release. ECF No. 65 at 2.

On March 19, 2019, Defendant was sentenced in case C-18-336516-1. *See* Exhibit A. There, he was sentenced to 60 months in the Nevada Department of Corrections, with a minimum parole eligibility after 18 months. *Id.* The State Court ordered that sentence run concurrently with this Court's sentence. *Id.* On or about November 19, 2021, Defendant began his term of supervised release. Approximately 18 months later, Defendant filed the instant Petition, asking the Court to end his supervised release early.

### III. Points and Authorities

Modification or early termination of supervised release is governed by 18 U.S.C. § 3583 (e). Once a defendant has spent a year on supervised release, the court may terminate such release at any time. *Id.* The district court may do so "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *Id.* The broad language of the statute reflects the breadth of discretion given to the district court in making this determination. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). The courts are not left entirely without guidance, and instead are directed to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the

defendant with needed training, medical, or other treatment; (3) the kinds and ranges of sentences established in the Guidelines for this type of offense; (4) any Sentencing Commission pertinent policy statement; (5) the need to avoid unwarranted sentencing disparities; and (6) the need to provide restitution. 18 U.S.C. §§ 3583; 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

In addition to the factors outlined in statute, the district court should also consider the factors set forth in the *Guide to Judiciary Policy*, § 360.20 (e)(1)-(6) (2018); *see Hollingsworth v. Perry*, 558 U.S. 183, 193 (2010) (policy conclusions of the Judicial Conference are "entitled to respectful consideration"). These factors are:

(1) The person does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 944(h)) or has not committed a sex offense or engaged in terrorism;

(2) The person presents no identified risk of harm to the public or victims;

(3) The person is free from any court-reported violations over a 12-month period;

(4) The person demonstrates the ability to lawfully self-manage beyond the period of supervision;

(4) The person is in substantial compliance with all conditions of supervision; and

(5) The person engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

*Id.* Similar to sentencing decisions, when deciding whether to grant a request for early termination of supervision, a district court must explain its decision. *Emmett*, 749 F.3d at 820. The Court's "explanation must be sufficiently detailed to permit 'meaningful' appellate review, and it must state the court's reasons for rejecting 'nonfrivolous' arguments." *Id.* The Court, however, "need not give an elaborate explanation of its reasons for accepting or rejecting [the]

arguments, and it need not tick off each of the relevant § 3553(a) factors to show that it has considered them." *Id.* at 821–22 (internal quotation marks omitted).

Although not a prerequisite, "exceptionally good behavior by the defendant" may, in some instances, warrant early termination of supervised release. *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022) (noting that a prior unpublished opinion from the Ninth Circuit had used the exceptional behavior language as a requirement for early termination); *see also United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016) (clarifying prior rulings which made exceptional behavior a prerequisite). Thus, while exceptional behavior may justify early termination of supervised release, it is neither a necessary, nor a sufficient basis. *Ponce*, 22 F.4th at 1047; *see United States v. Rodgers*, 461 U.S. 677, 706-07 (1983) (noting the difference between "shall" and "may," and holding that "may, when used in a statute, usually implies some degree of discretion.") (internal quotation mark omitted).

Ultimately, to justify early termination of supervised release, the court must find that it is both "warranted by the conduct of the defendant," and "in the interest of justice." *Ponce*, 22 F.4th at 1047. The burden rests with the defendant to demonstrate that early termination is justified. *United Sates v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006). Though not a universal rule, courts have generally held that mere compliance with the conditions of supervised release is not conduct that warrants early termination. *See*, *e.g.*, *United States v. Bauer*, No. 5:09-cr-00980-EJD, 2012 WL 1259251 (N.D. Ca. Apr. 13, 2012); *United States v. Grossi*, No. CR04-40127-DLJ, 2011 WL 704364 (N.D. Ca. Feb. 18, 2011); *Folks v. United States*, 733 F.Supp.2d 649, 652 (M.D.N.C. June 14, 2010) (collecting cases from New York, Connecticut, New Jersey, and Kansas).

Here, Defendant has failed to carry his burden to show that his early termination from supervised release is "warranted by [his] conduct," or that it is "in the interest of justice." 18

5

U.S.C. § 3583 (e); *Weber*, 451 F.3d at 559 n.9. Defendant's entire basis for his request is that he has complied with the terms of his supervised release. ECF No. 103 at ¶¶ 2-4. Even taking his factual assertions as true, Defendant's conduct is nothing beyond what is required to avoid revocation of supervised release. 18 U.S.C. 3583 (e)(3) (providing for revocation of a term of supervised release upon a finding that the defendant violated a condition of release). Defendant fails to articulate to this Court why simply doing what is expected and required of him is sufficient to carry his burden to show that his conduct warrants early termination and that it is in the interest of justice. *See United States v. Weintraub*, 371 F.Supp.2d 164, 167 (D. Conn. June 10, 2005).

This deficiency stands in stark contrast to Defendant's history, which militates against early termination of supervised release. In Defendant's first attempt at community supervision, after pleading guilty to possessing a controlled substance, he was remanded into custody after violating his probation. PSR ¶ 36. That same term of probation was terminated due to his unsatisfactory behavior. *Id.* On his next term of probation, just months after the first term was terminated, he twice violated the terms of his release, and that probation was also terminated due to unsatisfactory behavior. PSR ¶ 37. The same day his second term of probation ended, Defendant pled guilty to Aggravated Unlawful Use of a Weapon and Aggravated Assault on an Officer. PSR ¶ 38. After serving time in prison, Defendant was paroled in December 2011. *Id.* His parole did not last long, and by July 2013 he returned to prison. *Id.* The PSR notes that even though his incarceration was brief, he nonetheless "sustained nine minor and four major disciplinary infractions." *Id.* Notably, Defendant's initial negotiation in the instant case was favorable—the parties agreed to recommend credit for time served. ECF No. 36 at 7. Defendant was not asked to perform any additional tasks to reap the benefit of his plea, yet he was unable to do so. Instead, he was arrested after a domestic disturbance which ended with

law enforcement explosively breaching the door to his home after he locked himself and his four-month-old child inside the home for hours. PSR ¶ 44.

This Court already described Defendant's conduct as "troubling." ECF No. 79 at 9. The Court considered Defendant's conduct and history, considered all the factors under 18 U.S.C. § 3553, and included the term of three years of supervised release as part of his sentence. Especially considering the need to afford deterrence, protection to the public, and considering the sentences available for this category of offense and defendant, *see* 18 U.S.C. §§ 3553(a)(2)(B), (a)(2)(C), and (a)(4), this Court's sentence was and remains appropriate. Defendant has not shown that his conduct warrants early termination from supervised release, or that it is in the interest of justice—nor has he attempted to do so. It continues to be in the interest of justice to have the defendant complete the entire term of his supervised release. The government respectfully requests that this Court deny his motion.

### IV. Conclusion

Based on the foregoing, the government respectfully requests that the Court deny Defendant's petition for early termination of supervised release.

DATED: June 15, 2023

Respectfully submitted,

JASON M. FRIERSON
United States Attorney

 /s/  *Steven J. Rose*
_____
STEVEN J. ROSE
Assistant United States Attorney