UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>v.<br><br>CEMONE CHAMPAGNE LEWIS,<br><br>    Defendant | Case No.: 2:18-cr-055-APG-GWF<br><br>**ORDER GRANTING EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>[ECF Nos. 101, 103[1]] |

Defendant Cemone Champagne Lewis moves to terminate his supervised release early. ECF Nos. 101, 103. The United States Attorney opposes but the Probation Office takes no position.

Modification or termination of supervised release is governed by 18 U.S.C. § 3583(e). Under that statute, I first must consider "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." Mr. Lewis was convicted of being a felon in possession of a firearm and was sentenced to 21 months in custody followed by three years of supervised release. ECF No. 65. Obviously this crime warranted punishment, especially in light of Mr. Lewis' substantial criminal history. Since coming out of custody, Mr. Lewis has complied with almost all conditions of his supervision, although at one point he was associating with an alleged gang member. The conditions of his supervised release have protected the public and deterred Mr. Lewis from committing additional crimes.

After examining the section 3553 factors, I may terminate supervised release "if [I am] satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The Judicial Conference's Guide to Judiciary Policy, Volume

---

[1] The motion was filed twice on the court docket.

8E, Chapter 3, § 360.20(c) provides that, for an offender who satisfies the minimal statutory factors, at 18 months there is a presumption in favor of early termination if the offender (1) does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 994(h)) or has not committed a sex offense or engaged in terrorism; (2) presents no identified risk of harm to the public or victims; (3) is free from any court-reported violations over a 12-month period; (4) demonstrates the ability to lawfully self-manage beyond the period of supervision; (5) is in substantial compliance with all conditions of supervision; and (6) engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

Mr. Lewis satisfies this presumption and the Government offers no evidence to rebut it. Mr. Lewis has completed over 18 months of supervised release. According to his supervising probation officer, he has performed well under supervision. Mr. Lewis has enrolled in education classes, provided clean drug tests, communicates regularly with his assigned officer, and has not incurred any new law violations. Hopefully, Mr. Lewis' time in custody and on supervision, combined with him getting older, has caused him to reevaluate his criminal lifestyle and pointed him in the direction of a profitable music career. Mr. Lewis' supervision has precluded him from touring to promote his music career. I wish him success and good fortune going forward.

The present circumstances justify early termination of supervised release. Therefore, Mr. Lewis's motion (**ECF Nos. 101, 103) is GRANTED** and his supervised release is terminated immediately.

DATED this 5th day of July, 2023.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE